IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-174-BO-BM

MATHESON & ASSOCIATES, PLLC, )
)
      Plaintiff, )
)
v. ) ORDER
)
WHITCOMB SELINSKY, PC, )
)
      Defendant. )

This cause comes before the Court on defendant's motion to dismiss [DE 10] for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff has responded in opposition [DE 13] and defendant has replied [DE 14]. In this posture, the motion is ripe for ruling. For the following reasons, the motion is granted.

## BACKGROUND

The parties are law firms both seeking to provide legal services to businesses operating in the alcoholic beverage industry. Plaintiff asserts a claim for trademark infringement of its registered mark "Beer Law Center." Defendant marketed its services under the name "Beer Law HQ." Defendant moved to dismiss for lack of personal jurisdiction.

The complaint contends that the Court "has personal jurisdiction over Defendant because, on information and belief, Defendant has committed acts of infringement within this judicial district." [DE 1, ¶ 7]. "Further, [] this Court may exercise personal jurisdiction over Defendant under the North Carolina Long-Arm Statute N.C. Gen. Stat. §1-75.4, because, on information and belief, the Defendant has transacted business in North Carolina and caused an injury in this state

by marketing their legal services using "Beer Law HQ" through its interactive website[.]" [DE 1, ¶ 8].

Defendant is a Colorado law firm whose connection to the state of North Carolina is limited to its representation of North Carolina clients, its email correspondence with plaintiff prior to this lawsuit, and its marketing efforts on its website that can be accessed from North Carolina. The sole question before the Court is whether this is enough contact with North Carolina to establish personal jurisdiction over defendant.

## DISCUSSION

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). A court may consider affidavits attached to a motion when determining whether the plaintiff has made a prima facie showing of personal jurisdiction. *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). "If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." *Combs*, 886 F.2d at 676.

"In federal question actions based on a statute that does not provide for nationwide jurisdiction, a federal court exercises personal jurisdiction over a defendant in the manner consistent with state law." *Moseley v. Fillmore Co.*, 725 F. Supp. 2d 549, 559 (W.D.N.C. 2010). The Lanham Act does not provide for nationwide jurisdiction. *Red Hill Ranch, LLC v. Old S. Carriage Co., Inc.*, 225 F. Supp. 3d 422, 424 (D.S.C. 2015).

2

The exercise of personal jurisdiction is lawful "if [1] such jurisdiction is authorized by the long-arm statute of the state in which it sits and [2] the application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment." *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). North Carolina's long-arm statute is coextensive with the due process clause. *Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Thus, the Court must only decide whether exercising personal jurisdiction over defendant would offend due process. *Id.*

Two types of personal jurisdiction are recognized: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 582 U.S. 255, 262 (2017). To satisfy due process, a plaintiff asserting general jurisdiction must establish that the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[T]he exercise of general jurisdiction over a corporate defendant in a forum other than its state(s) of incorporation and principal place of business is 'exceptional[.]'" *Ferraro v. Rodgers*, No. 7:24-CV-833-FL, 2025 WL 1287982, at *4 (E.D.N.C. May 2, 2025) (quoting *BNSF Ry. v. Tyrrell*, 581 U.S. 402, 413 (2017)). Defendant is a Colorado-based entity, and the fact that it represented a handful of North Carolina clients does not support a finding of general jurisdiction. *See also Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 128–29, 134 (4th Cir. 2020) (finding no general personal jurisdiction even when defendant had ninety locations in the state—albeit a small proportion of its nationwide presence—and a website targeting residents).

"Specific jurisdiction . . . depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is

therefore subject to the State's regulation." *Goodyear Dunlop Tires Operation*, 564 U.S. at 919 (internal alterations, quotation, and citation omitted). The Court must analyze "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020).

Defendant does not maintain offices, employees, or agents in North Carolina. [DE 12, ¶¶ 7–9]. Defendant does not own any property or maintain any physical presence in North Carolina. *Id.* at ¶ 10. While defendant operates a website that is accessible in North Carolina, the website does not offer any products for sale through its website or allow users to purchase or retain legal services online. *Id.* at ¶ 23. A "generally accessible, semi-interactive Internet website" is not a sufficient basis on which to find that defendants have directed activity into North Carolina. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 401 (4th Cir. 2003).

Plaintiff has identified two North Carolina entities to whom defendant rendered trademark law services on three occasions. But because the representation of these clients has no relationship to the present trademark dispute, they cannot support an exercise of personal jurisdiction. *See Ferraro*, 2025 WL 1287982, at *4 (contacts with the forum that occurred "months before the earliest events described in the complaint" and "have no connection whatsoever to the complaint" did not support personal jurisdiction); *see also Fidrych*, 952 F.3d at 140 (explaining that the contacts "have nothing to do with the claims asserted in this case and thus are not relevant to our inquiry").

Attached to plaintiff's complaint is the affidavit of Catherine Pearce. [DE 1-6]. Catherine Pearce is a professional in the North Carolina craft brewing industry. Pearce, along with lawyers

4

Case 5:25-cv-00174-BO-BM    Document 16    Filed 02/03/26    Page 4 of 6

from both the plaintiff and defendant law firms, attended a craft brewing conference and tradeshow in Norfolk Virginia, and observed a seminar on trademark law presented by defendants. Pearce explains in her affidavit that she was familiar with plaintiff's mark, Beer Law Center, and when she saw defendant's logo, Beer Law HQ, she assumed the two were related. Plaintiff points to this confusion as an example of the present dispute's effects on North Carolina brewers. However, because this use of the Beer Law HQ logo occurred in Virginia, not North Carolina, it cannot evidence defendant's purposeful availment of North Carolina's privileges and protections.

Plaintiff also contends that defendant, by corresponding with plaintiff about the trademark dispute over email, reached into North Carolina such that the Court may exercise personal jurisdiction over it. Plaintiff theorizes that defendant's emailed promise to change its logo was purposeful availment under the rule of *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002).

> "[A] state may exercise judicial power over a person outside of the state when that person (1) directs electronic activity into the state, (2) with the manifested intent of engaging in business or other interactions with the state, and (3) that activity creates in a person within the state, a potential cause of action cognizable in the State's courts."

*Id.* at 714. This single email thread, however, does not establish purposeful availment. Defendant cites several cases for the proposition that courts consistently find pre-litigation communications, especially when limited to email, insufficient to establish specific personal jurisdiction. *See, e.g.*,

> *Danzig Ltd. v. Inception Mining, Inc.*, 2018 U.S. Dist. LEXIS 55972, at *9 (W.D.N.C. Feb. 28, 2018) (recognizing that "the parties' communications during negotiations of the asset purchase are insufficient to create specific personal jurisdiction"); *Pan-American Prods. & Holdings, LLC v. R.T.G. Furniture Corp.*, 825 F. Supp. 2d 664, 682 (M.D.N.C. 2011) (recognizing that "the mere fact that emails, telephone calls, and faxes were employed does not, of itself, alter the minimum contacts analysis"); *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 281 (4th Cir. 2009) (recognizing that "four brief emails, several telephone conversations about NDA I, and the exchange of the various drafts," coupled with

the exchange of a "choice of law provision" "do[es] not make out a prima facie showing of a sufficient jurisdictional basis to survive challenge").

[DE 14, p. 4].

There is insufficient evidence that defendants "reached into" North Carolina repeatedly in order "to transact business." *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 295 (4th Cir. 2009). Plaintiff has failed to make a prima facie showing that defendant purposefully availed itself of the privilege of conducting activities in North Carolina.

A court need only consider the second and third inquiries if the defendant is found to have purposefully availed itself of the privilege of conducting business in the forum state. *Consulting Engineers Corp.*, 561 F.3d at 278. However, plaintiffs fail to provide evidence that any of the three representations by defendant of North Carolina clients form the basis of plaintiff's claims, and thus the second factor further does not support a finding of personal jurisdiction.

Defendants have demonstrated that the Court lacks personal jurisdiction over them. The complaint must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 10] is GRANTED.

SO ORDERED, this **3** day of February 2026.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE